THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Reginald A. McLemore,       
Appellant,
 
 
 

v.

 
 
 
Mary Dreher,       
Respondent
 
 
 
 

Appeal From Richland County
Donna S. Strom, Family Court Judge

Unpublished Opinion No. 2005-UP-167
Submitted February 1, 2005  Filed March 7, 2005

AFFIRMED

 
 
 
John S. Nichols and Melvin Dean Bannister, both of Columbia, for Appellant.
Mary Dreher, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Reginald McLemore appeals the family courts order denying his request for reimbursement for child support paid to Mary Dreher. 
We affirm.[1]  
FACTS
After many years of knowing each another, Dreher and McLemore engaged in a sexual relationship.  In 1991, Dreher gave birth to a daughter, Brianna.  Following Briannas birth, Dreher accepted money from McLemore on multiple occasions over an approximate eight-year period.        
In 2002, McLemore petitioned the family court asserting he was Briannas father and requesting visitation.  McLemore subsequently amended his complaint requesting a paternity test, and alternatively, if the paternity test indicated he was not Briannas father, requesting reimbursement for child support paid.  After finding that Dreher had for some time acknowledged McLemore was the childs father and McLemore had paid child support to Dreher, the family court issued a temporary order granting McLemores request for visitation.  Dreher then filed an answer and counterclaim stating she informed McLemore on numerous occasions that another man, not McLemore, was Briannas father.  Dreher also requested attorneys fees and costs.  The family court conducted a hearing, at which Dreher requested the family court reconsider its temporary order.  As a result of that hearing, the family court issued an order requiring McLemore to submit to a paternity test and suspending his right to visitation pending a further order of the court.  Subsequently, the family court issued a final order denying McLemores request for visitation after finding he was not Briannas father, and denying McLemores request for reimbursement after finding the payments he made to Dreher were not child support.  Additionally, the family court ordered McLemore to pay eight hundred dollars in attorneys fees payable in monthly installments of one hundred dollars.  McLemore filed a motion to reconsider.  After a hearing on this motion, the family court issued an order reducing McLemores payment of attorneys fees to fifty dollars per month.  McLemore appeals from the family courts order. 
STANDARD OF REVIEW
In reviewing a decision by the family court, this court has the authority to find the facts in accordance with its own view of the preponderance of the evidence.  Bragg v. Bragg, 347 S.C. 16, 21, 553 S.E.2d 251, 254 (Ct. App. 2001).  However, we are not required to disregard the findings of the family court or ignore the fact that the family court saw and heard the witnesses and was in a better position to evaluate the credibility and weigh their testimony.  Id. at 21-22, 553 S.E.2d at 254.
LAW/ANALYSIS
I. Paternity 
McLemore argues the family court erred by refusing to grant him reimbursement for child support paid to Dreher.  We disagree.
McLemore asserts Dreher misled him into thinking Brianna was his child and the payments he made to Dreher were child support for Brianna.  Furthermore, McLemore contends the only explanation for his continued payments to Dreher was his belief that he was Briannas father.  In addition, he argues the decision to abandon his claim for visitation after he discovered he was not Briannas father supports his position.   Dreher, however, testified she told McLemore several times he was not Briannas father.  Barbara Richardson, a friend of Drehers, confirmed she visited with Dreher shortly after Briannas birth and witnessed Dreher inform McLemore that he was not the father.  Giving weight to the family court, we find the courts determination that McLemore knew prior to the filing of his cause of action that Brianna was not his child was reasonable based on the evidence.  
II.  Child Support
McLemore contends because Dreher did not challenge the nature of the payments as child support, as determined by the family court in its temporary order, the status of the payments as child support is the law of the case.  We disagree. 
Contrary to McLemores assertion, the family courts findings of facts in a temporary order do not become the law of the case.  Temporary orders are issued without prejudice to the rights of the parties at the final hearing. 
Rimer v. Rimer, ­361 S.C. 521, 527 n.6, 605 S.E.2d 572, 575 n.6 (Ct. App. 2004).  Therefore, we find the family court did not err in making a determination that the payments by McLemore to Dreher were not child support in its final order.   
III. Attorneys Fees
McLemore argues the family court erred in awarding Dreher eight hundred dollars in attorneys fees.  Specifically, McLemore complains the family court did not consider the necessary factors in awarding attorneys fees.  
Section 20-7-420(38) of the South Carolina Code (Supp. 2004), provides that attorneys fees may be awarded in an action brought in family court.  An award of attorneys fees rests within the sound discretion of the trial judge and should not be disturbed on appeal unless there is an abuse of discretion.  Patel v. Patel, 359 S.C. 515, 533, 599 S.E.2d 114, 123 (2004).  In determining whether to award attorneys fees, the court should consider each partys ability to pay, whether beneficial results were obtained by the attorney, the financial conditions of the parties, and the effect of the attorneys fees on each party.  Griffith v. Griffith, 332 S.C. 630, 645, 506 S.E.2d 526, 534 (Ct. App. 1998).  In determining what amount of attorneys fees should be awarded, the court should consider the nature, extent, and difficulty of the services rendered; the time necessarily devoted to the case; the professional standing of counsel; the contingency of compensation; the beneficial results obtained; and the customary legal fees for similar services.  Id.  
Our review of the record indicates the family court considered the necessary factors in awarding attorneys fees to Dreher.  At the hearing on McLemores motion to reconsider and in response to McLemores argument that he did not have the ability to pay the attorneys fees awarded to Dreher, the family court judge stated he considered all factors, not just the ability to pay.  Furthermore, after determining McLemores monthly income, the judge reduced his monthly payments by half.  In addition, the record contains an affidavit supplied by Drehers attorney specifying her experience and expertise, her hourly rate, and the time she spent working on this case.  We find the family court considered all of the appropriate factors and did not abuse its discretion.  
 AFFRIMED.  
ANDERSON, BEATTY, and SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.